UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZAINAB AL-MOHSIN,

    Plaintiff,

v.

OFFICER MELISSA GAJEK in her
Individual and Representative Capacity,
the CITY OF DEARBORN, a Municipal entity,
DEARBORN POLICE DEPARTMENT, a
Municipal entity, and JOHN DOE OFFICER,

    Defendants.

U.S. District Court No.
Hon.

WCCC Case No. 25-005170-CZ
Hon. Sheila A. Gibson

_____

| ISSA FAWAZ (P83664) | BRADLEY J. MENDELSOHN (P73671) |
|---|---|
| Issa Fawaz Law | JEREMY J. ROMER (P77287) |
| Attorney for Plaintiff | Attorneys for Defendants, Officer |
| 22370 Michigan Ave., Ste. 300 | Melissa Gajek, City of Dearborn, |
| Detroit, MI  48224 | Dearborn Police Department, only |
| (313) 304-6344 | 16901 Michigan Avenue, Ste. 14 |
| if@issafawazlaw.com | Dearborn, MI 48126 |
| | (313) 943-2035/Fax: (313) 943-2469 |
| | bmendelsohn@dearborn.gov |
| | jromer@dearborn.gov |

_____

There is a pending civil action arising out of the transaction or occurrence alleged in this action in the Third Judicial Circuit for Wayne County, Michigan bearing Case No. 25-005170-CZ and assigned to the Honorable Sheila A. Gibson

**NOTICE OF REMOVAL**

NOW COME Defendants, CITY OF DEARBORN, DEARBORN POLICE DEPARTMENT, and OFFICER MELISSA GAJEK only, by their attorneys, BRADLEY J. MENDELSOHN and JEREMY J. ROMER, and file with this Court a Notice of Removal of the above-captioned matter from the Wayne County Circuit Court of the State of Michigan to the United States District Court for the Eastern District of Michigan, Southern Division, for the following reasons:

1. On April 8, 2025, a Complaint was filed against Defendants City of Dearborn ("City"), Dearborn Police Department ("Department"), and Dearborn Police Officer Melissa Gajek ("Gajek") in the Circuit Court for the County of Wayne, bearing Civil Action No. 25-005170-CZ, and alleging damages in excess of $25,000.00, exclusive of costs, interest, and attorney fees. (Ex. 1, Compl., ¶5, pg. 2, 4/8/25.)

2. Service of Civil Action No. 25-005170-CZ has been affected on Defendants City, Department, and Gajek.

3. The above-described action is a civil action over which this Court has original jurisdiction, based on the provisions of Title 28, United States Code, Section 1331, as one which may be removed to this court pursuant to the provisions of Title 28, United States Code, Sections 1441 and 1446. In their Complaint, Plaintiff alleges several violations and causes of action under 42 U.S.C. § 1983. (Ex. 1, Compl., ¶¶19-34, pgs. 4-9, filed 4/8/25).

THEREFORE, Defendants CITY, DEPARTMENT, and GAJEK, pray that the above action now pending against it in the Circuit Court for the County of Wayne, State of Michigan, be removed to this Honorable Court.

          Respectfully submitted,

          /s/ BRADLEY J. MENDELSOHN
          BRADLEY J. MENDELSOHN (P73671)
          Attorney for Defendants, Officer Melissa
          Gajek, City of Dearborn, Dearborn Police
          Department, only
          16901 Michigan Ave., Ste. 14
          Dearborn, MI  48126
          (313) 943-2035
          bmendelsohn@dearborn.gov

Date: May 8, 2025

## CERTIFICATE OF SERVICE

On May 8, 2025, I sent via electronic and first class mail a copy of the foregoing to the following:

Issa Fawaz, Esq.
22370 Michigan Ave., Ste. 300
Detroit, MI  48224
if@issafawazlaw.com

          /s/Cynthia Metz
          Cynthia Metz
          16901 Michigan Ave., Ste. 14
          Dearborn, MI  48126
          (313) 943-2035
          cmetz@dearborn.gov

# *EXHIBIT 1*

Original - Court  2nd Copy - Plaintiff
1st Copy- Defendant  3rd Copy -Return

*Answer due May 23*

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>25-005170-CZ<br>Hon. Sheila A. Gibson |
|---|---|---|

Court telephone no.: 313-224-5207

| Plaintiff's name(s), address(es), and telephone no(s)<br>AL-MOHSIN, ZAINAB | v | Defendant's name(s), address(es), and telephone no(s).<br>CITY OF DEARBORN |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Issa Fawaz 83664<br>22370 Michigan Ave Ste 300<br>Dearborn, MI 48124-2218 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4/8/2025 | Expiration date*<br>7/8/2025 | Court clerk<br>Makaylah Siggal |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)   **SUMMONS**   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



Makaylah Siggal 4/8/2025 12:40 PM Cathy M. Garrett WAYNE COUNTY CLERK 25-005170-CZ FILED IN MY OFFICE

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ZAINAB AL-MOHSIN,

    Plaintiff,

v.

    Case No. 25-    -CZ
    Hon.

OFFICER MELISSA GAJEK in her
Individual and Representative Capacity,
the CITY OF DEARBORN, a
Municipal entity, and DEARBORN
POLICE DEPARTMENT, a Municipal
entity, JOHN DOE OFFICER

    Defendants.

---

ISSA FAWAZ LAW
ISSA FAWAZ (P83664)
Counsel for Plaintiff
22370 Michigan Ave Ste 300
Detroit, MI 48224
(313) 304-6344
if@issafawazlaw.com

## COMPLAINT & JURY DEMAND

There are no other pending civil actions arising out
of the transactions or occurrences alleged in this Complaint.

/s/    *Issa Fawaz*
ISSA FAWAZ (P83664)

NOW COMES Plaintiffs, Zainab Al-Mohsin, ("Plaintiffs") by and through their counsel, ISSA FAWAZ LAW, PLC. and for their Complaint against the defendants' states as follows:

1. At all times relevant to this lawsuit, Plaintiff, is a resident of Dearborn, in Wayne County, Michigan.

1

2. At all times relevant to this lawsuit, Defendant Officer Melissa Gajek ("Gajek") and other JOHN DOE OFFICERS were employed as police officers with the Dearborn Police Department.

3. At all times relevant to this lawsuit, Gajek acted under color of state law and is being sued in his individual and representative capacities.

4. At all times relevant to this lawsuit, Defendant City of Dearborn ("The City") was a municipal corporation, duly organized in carrying on governmental functions in the City of Dearborn, in Wayne County, Michigan.

5. The amount in controversy exceeds $25,000.00 exclusive of costs, interest and attorney fees; and jurisdiction is otherwise conferred on this Court.

## COMMON ALLEGATIONS

6. At all times relevant to this lawsuit, Gajek was a member of the Dearborn Police Department.

7. On August 6, 2024, at approximately 8:55 AM, Defendants executed a search warrant at Plaintiff's residence with excessive and unreasonable force. Officers arrived in full SWAT gear armed with AR-15 semi-automatic rifles, creating an immediate atmosphere of intimidation and fear.

8. At 8:57:09 AM, officers began announcing their presence via loudspeaker. Within seconds, an officer stated, "Hit them with some sirens and let's just push the door," demonstrating a clear intent to circumvent proper protocol. After giving only 31 seconds for compliance (at 8:57:40 AM), officers declared "good enough" and proceeded to breach the premises at 8:57:47 AM - while Plaintiff was still asleep - by:

   a. Breaking windows;

2

    b.    Deploying smoke into the residence; and

    c.    Forcibly entering without knocking or providing reasonable opportunity to comply.

9. When Plaintiff awoke to this violent intrusion, she was immediately confronted by armed officers who: Refused her repeated requests to cover herself with a scarf (at 8:59 AM, 9:00:44 AM, and 9:00:46 AM); Forced her to walk barefoot over broken glass from their forced entry; and dragged her outside in handcuffs while exposed to public view.

10. Despite Plaintiff's desperate pleas to Officer Gajek at 9:02:05 AM - including hysterical crying about her religious and personal dignity - officers callously responded: "Relax until we get everything settled in" (delaying any accommodation); "We are going to clear this house first and I'm not going to hear shit about it" (showing deliberate disregard); another officer mocked her distress by stating "That's not very modest of you" when she complained about painfully tight handcuffs.

11. The officers' conduct escalated into overt religious humiliation when: A second officer taunted Plaintiff about her "immodest" speech while acknowledging they had forcibly removed her scarf; Officer Gajek coldly stated "I am not here for you" as Plaintiff sobbed uncontrollably in the street; and they left Plaintiff exposed to public view for approximately 13 minutes before finally retrieving sweatpants and a hoodie at 9:10 AM.

12. Plaintiff image was exposed to the entire neighborhood, and she can be found without her scarf on the body cameras, which can be retrieved by a FOIA. In Islam, the hijab (headscarf) is not merely a piece of fabric—it is a sacred obligation and a fundamental expression of faith, modesty, and identity for Muslim women. The Quran explicitly commands believing women to "draw their headscarves over their chests" (24:31), making its observance a non-negotiable tenet of religious practice. For Plaintiff, removing her scarf in public was tantamount

3

to a spiritual violation, compounding the trauma of the officers' physical force.

13. Defendants' actions in removing Plaintiff's headscarf violated her First Amendment right to freely exercise her religion and caused her significant emotional distress and humiliation.

14. Defendants' conduct during the search was unreasonable, excessive, and violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

15. Defendants' actions also violated Plaintiff's Fourteenth Amendment right to due process and equal protection under the law.

16. The City of Dearborn and the Dearborn Police Department are liable for the unconstitutional actions of their officers due to their failure to properly train, supervise, and discipline their officers, and for maintaining policies, practices, or customs that led to the violation of Plaintiff's constitutional rights.

17. As a result of the officers' actions, Plaintiff suffered significant emotional distress and physical injuries.

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 – FIRST AMENDMENT (FREE EXERCISE OF RELIGION)

18. Plaintiff reasserts and incorporates each of the allegations stated above.

19. Defendants, acting under color of state law, knowingly and intentionally violated Plaintiff's First Amendment rights when they:

    a. Forcibly removed Plaintiff from her home without permitting her to wear her hijab, despite her immediate and repeated pleas to be allowed to cover herself in accordance with her religious beliefs, the Officers also did not provide her with something to cover herself with when removing her from the residence as they

4

should have been trained to do;

b. Subjected Plaintiff to public exposure without her hijab, causing severe spiritual distress and violating a core tenet of her faith;

c. Mocked Plaintiff's religious devotion through statements such as "That's not very modest of you," while simultaneously preventing her from complying with her religious obligations;

d. Demonstrated deliberate indifference to Plaintiff's sincere religious beliefs by prioritizing expediency over constitutional rights, despite having ample opportunity to accommodate her needs without compromising officer safety or investigative objectives.

20. The City of Dearborn and Dearborn Police Department are liable for this constitutional violation through their:

a. Failure to train officers on proper procedures for interacting with observant Muslim women, despite serving a community with a significant Muslim population;

b. Maintenance of policies or customs that prioritize aggressive tactics over constitutional rights;

c. Deliberate indifference to the need for religious accommodations, as evidenced by the absence of protocols for hijab-related situations.

21. Defendants' actions were intentional, reckless, and in blatant disregard of Plaintiff's constitutional rights.

5

22. As a direct and proximate result of Defendants' actions, Plaintiff suffered emotional distress, humiliation, and other damages.

### COUNT II: VIOLATION OF 42 U.S.C. § 1983 – FOURTH AMENDMENT (EXCESSIVE FORCE AND UNREASONABLE SEIZURE)

23. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

24. The Fourth Amendment to the United States Constitution guarantees citizens the right to be free from unreasonable searches and seizures, including the right to be free from excessive force during police encounters. Defendants violated these constitutional protections through multiple, deliberate acts of unreasonable force and seizure.

25. Defendants' execution of the search warrant constituted an unreasonable seizure because the Officers provided only 31 seconds for compliance with their announcement before breaching the premises, far less than the reasonable time required under Michigan law and Fourth Amendment jurisprudence; the forced entry was conducted without proper justification for such aggressive tactics, as there was no evidence suggesting an imminent threat to officer safety; risk of evidence destruction; or any other exigent circumstances that would justify bypassing standard knock-and-announce protocols; the manner of entry - breaking windows and deploying smoke into the residence - was grossly disproportionate to any legitimate law enforcement need.

26. Defendants employed excessive and unreasonable force throughout the encounter by forcing Plaintiff to walk barefoot over broken glass created by their own destructive entry, causing physical injury; maintaining Plaintiff in painful, excessively tight handcuffs despite her complaints and obvious non-threatening posture.

27. The detention of Plaintiff was unreasonable in its scope and duration because the

6

prolonged detention outside without proper clothing served no legitimate investigative purpose; the public nature of the detention, with Plaintiff visibly distressed and improperly clothed, constituted an additional Fourth Amendment violation under the community caretaking doctrine.

28. The City of Dearborn and Dearborn Police Department are liable for these constitutional violations through their:

   a. Failure to train officers on proper use of force during warrant executions;

   b. Maintenance of customs or practices that encourage aggressive, militarized warrant service without proper justification;

   c. Deliberate indifference to known patterns of excessive force in search warrant executions.

29. As a direct and proximate result of Defendants' Fourth Amendment violations, Plaintiff suffered:

   a. Physical injuries from walking on broken glass;

   b. Pain and suffering from excessively tight restraints;

   c. Emotional trauma from the violent and unreasonable nature of the seizure;

   d. Lasting psychological harm from the traumatic encounter.

## COUNT III: VIOLATION OF 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT (SUBSTANTIVE DUE PROCESS)

30. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

31. The Fourteenth Amendment to the United States Constitution guarantees that no state shall "deprive any person of life, liberty, or property, without due process of law." This includes the fundamental right to bodily integrity and protection from government

conduct that "shocks the conscience." Defendants violated these substantive due process protections through multiple acts of deliberate cruelty and dehumanization.

32. Defendants' conduct shocks the conscience and violates substantive due process because they:

    a. Weaponized Plaintiff's religious beliefs against her by forcing her to violate a core tenet of her faith through public exposure; Mocking her religious devotion while preventing her from complying with religious obligations; Using her distress about religious violation as an opportunity for further humiliation.

    b. Engaged in gratuitous degradation by: Keeping her restrained and improperly clothed in public view when immediate covering was available; Subjecting her to painful restraints while ignoring her pleas for relief; Making sarcastic comments about her "immodesty" while enforcing that immodesty.

32. This conduct was:

    a. Intentional and grossly negligent or reckless;

    b. Designed to inflict emotional and spiritual harm beyond any legitimate law enforcement purpose;

    c. Conscience-shocking under any standard of decency and human dignity.

33. The City of Dearborn and Dearborn Police Department are liable because:

    a. They fostered a culture of deliberate indifference to human dignity through:

        i. Failure to train officers on basic human decency during police encounters.

        ii. Failure to train officers on the importance of one's faith.

        iii. Lack of accountability mechanisms for dignity violations.

34. As a direct result, Plaintiff suffered profound emotional trauma from the deliberate

8

humiliation; spiritual anguish from being forced to violate religious tenets; lasting psychological harm from the government-inflicted degradation; damage to sense of safety and trust in law enforcement.

**COUNT IV: STATE LAW CLAIM – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

35. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

36. Defendants' conduct during the search of Plaintiff's residence was extreme and outrageous, and was intended to cause, or was done with reckless disregard for the probability of causing, Plaintiff severe emotional distress.

37. As a direct and proximate result of Defendants' actions, Plaintiff suffered severe emotional distress, humiliation, and other damages.

WHEREFORE, Plaintiff demands judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Respectfully submitted,

**ISSA FAWAZ LAW, PLC.**

*/S/ ISSA FAWAZ*
Issa Fawaz P83664

Dated: 4/7/2025

## JURY DEMAND

NOW COMES Plaintiff, through his counsel, ISSA FAWAZ LAW, PLC. to respectfully demand a trial by jury.

Respectfully submitted,

**ISSA FAWAZ LAW, PLC.**

By: /s/ Issa Fawaz
ISSA FAWAZ (P83664)

Dated: 4/7/2025

REC'D VIA LEGAL
DROPBOX IN VESTIBULE

'25 MAY 5 PM 12:13

Rachel Fawaz